UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN CHAMBERS, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-1232 |
| WENDY RAINES, et. al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in the Illinois River Correctional Center, seeks leave to proceed in forma pauperis.

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff claims his constitutional rights were violated by Pontiac Correctional Center Officer Wendy Raines, Parole Officer Mark Brady, and Parole Supervisor Jeff Hart. Plaintiff says he was on parole for Domestic Battery, Intimidation, Aggravated Battery, and Possession of a Controlled Substance. On April 25, 2016, he was arrested on a warrant for a potential parole violation. Plaintiff was subsequently found guilty of the violation, and he has now returned to the Illinois Department of Corrections (IDOC).

Plaintiff says the parole revocation report was based on lies and false statements provided by the three Defendants. Therefore, Plaintiff says Defendants have committed the offense of perjury and have violated his Eighth Amendment, First Amendment, and Due Process rights. He is requesting damages.

Plaintiff has provided a copy of the Parole Violation Report which alleges Plaintiff twice approached a Pontiac Correctional Center employee while she was out in the community with her children. The officer claims Plaintiff made statements such as "I told you I would find you." (Comp., p. 9). The reporting officer claims Plaintiff was previously warned not to have contact with

IDOC employees after his release from custody due to a previous incident. The officer also reported Plaintiff had tested positive for marijuana while on parole.

## ANALYSIS

The Plaintiff's claim is barred by the Supreme Court's decision in *Heck v Humphrey,* 512 U.S. 477, 487 (1994) which prevents a plaintiff from proceeding with a §1983 lawsuit where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. "*Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole." *See Easterling v Siarnicki*, 2011 WL 1740032 at 2 (7th Cir. May 4, 2011); *see also Wilkinson v Dotson*, 544 U.S. 74, 81-82 (2005). A decision in Plaintiff's favor in this case would clearly call his revocation into question since he claims the decision was based on false statements. Therefore, the Court must dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is therefore closed. The Clerk of the Court is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. The pending motion for a temporary restraining order is denied.[3]

2) This dismissal shall count as one of the Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strikes log.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: June 29, 2016

FOR THE COURT:     s/ Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE